# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT LOCKMILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-03001-CV-S-SRB |
| | ) | |
| AUTOZONERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss. (Doc. #9). For the following reasons the Motion is GRANTED.

## I. Background

Since this matter comes before the Court on a Motion to Dismiss, Plaintiff Robert Lockmiller's allegations as set forth in the complaint are taken as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015). Plaintiff was employed by Defendant Autozoners, LLC as a Commercial Sales Manager at an AutoZone Auto Parts store. Plaintiff lent money and his personal credit card to a female coworker for her personal use. Plaintiff asked his female coworker to return his credit card. The female coworker became angry, used profanity, and yelled at Plaintiff in front of other employees and customers. The female coworker falsely accused Plaintiff of making unwanted sexual advances toward her. Defendant investigated the female coworker's accusations and interviewed Plaintiff to determine whether the accusations were true. Plaintiff denied the accusations. The investigation uncovered no evidence indicating the accusations were true.

Defendant terminated Plaintiff's employment due to his "unprofessional behavior." (Doc. #1-1, p. 4).

Plaintiff filed a Charge of Discrimination for sex discrimination with the Missouri Commission on Human Rights. The Missouri Commission on Human Rights issued Plaintiff a Notice of Right to Sue. Plaintiff filed suit in Missouri state court for a single claim of sex discrimination under the Missouri Human Rights Act ("MHRA"). Defendant removed the case to this Court based on diversity jurisdiction. Plaintiff alleges Defendant knew or should have known the accusations were false. Plaintiff alleges Defendant assumed that the accusations were true based on his sex. Defendant moves to dismiss the suit for failure to state a claim.

**II.     Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted) (quoting *Twombly*, 550 U.S. at 570); *Zink*, 783 F.3d at 1098. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (internal citation and quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678). The Court must accept all facts alleged in the complaint as true when deciding a motion to dismiss. *See Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable"). "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal citation and quotation marks omitted).

### III. Discussion

The MHRA makes it unlawful for employers "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex[.]" Mo. Rev. Stat. § 213.055.1(1)(a). "To establish a prima facie case of gender discrimination [under the MHRA], plaintiff must establish (1) he was a member of a protected class; (2) he was qualified to perform his job; (3) he suffered an adverse employment action; and (4) he was treated differently than similarly situated female employees." *Carter v. CSL Plasma Inc.*, 63 F. Supp. 3d 1034, 1043 (W.D. Mo. 2014) (internal citation omitted). "The fourth [element] 'can also be met if the employee provides some other evidence that would give rise to an inference of unlawful discrimination.'" *Id.* (quoting *Ruppel v. City of Valley Park*, 318 S.W.3d 179, 185 (Mo. App. E.D. 2010)).

The parties do not dispute whether Plaintiff has sufficiently alleged the first three elements of a prima facie case for sex discrimination to survive a motion to dismiss. The parties dispute whether Plaintiff has sufficiently alleged the fourth element. Defendant argues there is no claim for sex discrimination under the MHRA for termination based on a false accusation of sexual harassment made against an individual by a co-worker. Defendant argues Plaintiff has not otherwise alleged facts indicating his sex was a factor in his termination. Plaintiff argues that "[s]ince the only grounds that the Defendant had to terminated [sic] Plaintiff's employment was a false accusation from a female employee that the Defendant knew or should have known was

3

false, this in turn gives rise to an inference that it was Plaintiff's sex that was the determining factor in Defendant's decision to terminate his employment." (Doc. #13, p. 2).

The Court finds Plaintiff has failed to state a plausible claim for relief. Plaintiff does not explicitly allege he was treated differently than a similarly-situated female employee. To the extent Plaintiff alleges his female coworker was similarly-situated, such allegation is insufficient. Plaintiff does not allege his female coworker was accused of sexual harassment, nor does Plaintiff allege his female worker was permitted to maintain employment despite any such accusations against her.

Plaintiff also fails to allege facts that would give rise to an inference that Plaintiff was terminated based on his sex. Plaintiff's allegation that Defendant knew or should have known that the accusations against him were false amounts to no more than "a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. Even assuming Defendant did know or should have known that the accusations against Plaintiff were false, Plaintiff fails to demonstrate how his termination amounts to sex discrimination. Plaintiff alleges he was terminated based on false accusations of sexual harassment, not based on his status as a male. Plaintiff pleads no facts to support his allegation that Defendant assumed that the accusations against him were true because he is male. Further, Plaintiff cites no case law, and the Court finds none, that contemplates a claim for sex discrimination under the MHRA for termination based on false accusations of sexual harassment. For these reasons, Plaintiff has failed to state a claim for sex discrimination, and the claim is dismissed.

IV. Conclusion

Accordingly, Defendant's Motion to Dismiss (Doc. #9) is GRANTED. This case is dismissed with prejudice.

**IT IS SO ORDERED.**

                                                      /s/ Stephen R. Bough
                                                      STEPHEN R. BOUGH, JUDGE
                                                      UNITED STATES DISTRICT COURT

DATE: February 12, 2020